IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EIGHT ONE EIGHT, LLC, dba FASSLER HALL, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>(1) KELLIE GILMORE, an individual,<br><br>Defendant. | Civil Action No. 25-cv-00510-SH<br><br>JURY TRIAL DEMANDED |

### AMENDED COMPLAINT

COMES NOW, Eight One Eight, LLC, dba Fassler Hall, an Oklahoma limited liability company ("Fassler Hall" or "Plaintiff"), by and through its attorneys of record, John M. Hickey and Tyler A. Stephens of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., and for its Amended Complaint[1] against the Defendant, Kellie Gilmore, an individual ("Gilmore"), and alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Fassler Hall is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma.

2. Upon information and belief, Gilmore is an individual residing in Turlock, California.

3. The jurisdiction of this Court is based upon 28 U.S.C. § 1332. There exists complete diversity among the parties and the amount in controversy, exclusive of interests and

---

[1] Plaintiff submits this Amended Complaint "as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1).

costs, exceeds $75,000.00.

4. Personal jurisdiction over Gilmore is proper pursuant to the State of Oklahoma's long arm statute, Okla. Stat. tit. 12 § 2004(F), authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma. In the TikTok video at issue, Gilmore stated that she has visited Fassler Hall on multiple occasions, establishing minimum contacts with Oklahoma. In addition, Gilmore directed defamatory comments at Plaintiff in Tulsa County, Oklahoma with the intent to harm Plaintiff in their reputation and business in Tulsa County, Oklahoma.

5. Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(a)(2), because Plaintiff's principal place of business is located in this judicial district and the claims asserted herein arise out of acts or omissions that occurred in this judicial district.

**FACTS**

6. Fassler Hall, which is a food and beer hall, located in downtown Tulsa, Oklahoma, opened in downtown Tulsa in 2008.

7. The evening of August 8th, 2025, a female customer, and a frequent visitor, was at Fassler Hall. At approximately 12:30 a.m. on the 9th, the customer reported to a bartender, who was also the manager on duty, that a man had grabbed buttocks without her permission.

8. The manager immediately instructed the female customer to let security, who was in close proximity to the customer, know so that they could escort the alleged assailant out of the bar. She promptly ignored this advice.

9. Instead of addressing the complaint with security, the woman immediately returned to the man who had allegedly assaulted her, knocked him to the ground, and began punching him.

10. The security guard that had been standing close by saw the fight break out. Without having been made aware by the customer of the complaint, the security guard responded by notifying the other security personnel that a fight had broken out. He and the other security personnel then moved in to break up the fight and escort the customers directly involved in the fight out of Fassler Hall.

11. Security escorted the female customer out by her wrist in a professional and appropriate manner. Seconds later, security escorted the male involved in the fight out as well. Both individuals were told they could not return that evening.

12. As the female customer was being escorted out of Fassler Hall, security pointed out that there were Tulsa police officers stationed across the street in a patrol car and that if she wished to file a complaint, she could do so right then and there. The female customer declined and left the area. Approximately ten minutes later, the front door camera showed her attempting to re-enter Fassler Hall. Security would not allow her back that evening.

13. The same morning at 12:47 a.m., the female customer posted about the incident on Facebook alleging that "some guy reached up my skirt tonight and touched my pvssy at Fassler Hall and because I shoved his drink in his face I got kicked out and not allowed back. FVCK YOU FASSLER."[2]  She made a similar post on her Instagram story at 1:00 a.m.

14. She then tagged Fassler Hall in her social media posts, linking the business's social media accounts to her allegations. In the Facebook comments, the customer continued,

---

[2] This is a verbatim quote for the social media site including the misspellings.

"security told me because I 'got into an altercation that I was equally at fault and not allowed back in' security threw me out by holding my neck."

15. In a later comment regarding the alleged assailant, the woman bragged about "not only knock[ing] his drink in his face I knocked him around a lil too."

16. Upon information and belief, Gilmore has a TikTok account wherein her screenname is "Georgia Rose," and her TikTok handle is @georgiarosecurves (the "Georgia Rose Account").

17. As of September 4, 2025, the Georgia Rose Account had over 134,000 followers and accumulated over 5.3 million likes.

18. On or about August 9, 2025, Gilmore published a video on the Georgia Rose Account containing false and inflammatory statements about Fassler Hall.

19. In the TikTok video, Gilmore misleads viewers by falsely describing the incident as if she was there.

20. More specifically, portions of Gilmore's statements in the TikTok video are set forth below:

- "If you're a woman in Tulsa and you've ever gone to this bar downtown, you need to know that you are not safe there. You are not safe there. Your friends are not safe there."

- "Last night, one of my friends was at the bar having a great time—it is one of our favorite bars, I go there every time I go home to visit—and this man, she does not [explicit] know, reaches up under her skirt and touches her genitals. That is S-A. That is purely S-A, there is no debating it. And so, she turns

4

- around and throws his drink in his face and starts yelling at him. And you know what happens? They drug her out of there by her throat. By her throat."

- "You know what security told her? They said since you were involved in the altercation, you're at fault too and you're not allowed back in. So I just want to know that if you're a woman and you go to Fassler Hall and you get S-A'd on the dance floor and you stick up for yourself, you're not only gonna get kicked out, security isn't gonna help you, security isn't gonna believe you, and they'll probably let the predator back in the bar the next night."

- "Do not let these men get away with this shit. And do not spend money at establishments that do not care about women."

- "And this is exactly the type of environment that Oklahoma is for women. And nobody fucking cares. The men don't believe us. Nobody fucking cares."

- "So, if you're a woman, don't go to Fassler Hall. Just don't go to Fassler Hall, you guys. Don't spend money there, don't fucking go there. You will get assaulted, and nobody will fucking care. Welcome to Tulsa."

21. Gilmore's TikTok video went viral, accumulating more than 196.4 thousand views, 17.4 thousand likes, 1,300 comments, 1,700 bookmarks, and 7,200 shares on TikTok as of September 4, 2025.

22. Outraged commentors, which Defendant Gilmore interacted with and indeed incited, identified Fassler Hall as a McNellie's Group establishment. Commentors listed and targeted other restaurants belonging to McNellie's Group, urging others not to visit those establishments.

5

23. Fassler Hall interviewed their staff and combed through security footage after their manager notified them of the events. Plaintiff saw a sudden influx of negative Google reviews in response to Gilmore's TikTok video.

24. The security guard that was falsely accused of assaulting the customer received direct, personal death threats. His full name and photo were disseminated through social media posts following the outrage triggered by Gilmore's defamatory allegations.

25. The security guard took leave from work to ensure his personal safety.

26. Even though numerous individuals have commented on Gilmore's TikTok video to inform her that her statements were false and that the false statements led to the security guard receiving death threats, Gilmore has not removed the video or retracted her statements.

27. Gilmore published the video with negligence, or in the alternative, actual malice, knowing such statements were false or acting with reckless disregard for their truth and for the purpose of profiting from the attention she received.

28. Gilmore's statements exposed Plaintiff to public hatred, contempt, and ridicule and directly harmed Plaintiff's reputation and business operations.

29. At present, the ramifications of Gilmore's TikTok video are immeasurable. The harm to Plaintiff corporately, reputationally, and personally is significant and ongoing, necessitating immediate injunctive relief.

## **COUNT ONE – DEFAMATION: SLANDER**

Plaintiff incorporates by reference all paragraphs above and further allege and state as follows:

30. Plaintiff is private figure for all purposes related to Gilmore's false and defamatory statements in the TikTok post.

31. Gilmore's statements were unprivileged and published to third parties.

32. Gilmore's statements were published on the internet on TikTok.com and continue to be published as of the filing of this Complaint. Moreover, Gilmore is aware, or should be aware, that her statements are false and inflammatory, but Gilmore has not taken the TikTok video down or retracted her statements.

33. Gilmore's defamatory statements were for the purpose of injuring Plaintiff's reputation and to expose them to financial injury, public hatred, contempt or ridicule. Gilmore also benefited financially from the attention she received from the defamatory statement made about Fassler Hall.

34. The statements impugned Plaintiff in its trade and business, constituting defamation per se under Oklahoma law.

35. As a direct and proximate result of Gilmore's defamatory TikTok post, Plaintiff has suffered damages to its business reputation, profits, and goodwill, exceeding $75,000.

36. As a result of Gilmore's TikTok post, Plaintiff has suffered economic damages exceeding $75,000.

## COUNT TWO - NEGLIGENCE

Plaintiff adopts and incorporates by reference all paragraphs above and further allege and state as follows:

37. Gilmore owed Plaintiff a duty to exercise due care in the preparation and publication of the TikTok video.

38. Gilmore breached this duty by failing to adequately fact-check, by failing to seek Plaintiff's comment, and by failing to prevent the publication of false statements.

39. Gilmore's negligence directly caused harm to Plaintiff's business reputation and economic interests exceeding $75,000.

## COUNT THREE – TORTIOUS INTERFERENCE

Plaintiff adopts and incorporates by reference all paragraphs above and further allege and state as follows:

40. The actions and omissions described herein taken by Gilmore amount to an intentional tortious interference with the business, established business relationships, and prospective pecuniary advantage of Plaintiff.

41. Due to their employment and degree of involvement in the community, Gilmore knew or had reason to know of Plaintiff's established or prospective business relationships.

42. Gilmore intentionally interfered with Plaintiff's established or prospective business relationships and directly caused Plaintiff's customers or prospective customers to discontinue or decline to enter into a business relationship with Plaintiff.

43. Gilmore used her viewer-facing position on TikTok to improperly and unfairly interfere with Plaintiff's business relationships.

44. Plaintiff suffered actual and foreseeable consequential damages exceeding $75,000 as a direct and proximate result of Gilmore's actions.

45. As a direct and proximate result, Plaintiff has suffered pecuniary losses, including lost customers, reduced revenue, and other special damages.

46. Gilmore's conduct was intentional, willful, malicious, and in reckless disregard for the rights of Plaintiff, entitling it to an award of exemplary or punitive damages.

## COUNT FOUR – PUNITIVE DAMAGES

Plaintiff adopts and incorporates by reference all paragraphs above and further allege and state as follows:

47. Gilmore's acts were reckless and/or grossly negligent.

48. Plaintiff has suffered damages exceeding $75,000.

49. Gilmore's conduct as alleged herein was intentional and was done willfully, maliciously and with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Gilmore in an amount to be proven at trial.

## JURY REQUESTED

50. Plaintiff hereby requests a trial by jury.

## PRAYER

**WHEREFORE**, Plaintiff prays for damages against Gilmore as follows:

A) For actual damages in an amount to be proven at trial but believed to be exceeding $75,000 , or, in the alternative, nominal damages as allowed by law.

B) For punitive damages as allowed by law;

C) Issue a preliminary injunction requiring Gilmore to immediately remove the defamatory TikTok video and refrain from further publication of the false statements against Plaintiff;

D) Issue a permanent injunction requiring Gilmore to remove the defamatory TikTok video and prohibit further publication of the false statements against Plaintiff;

E) For costs of suit incurred herein; and

F) For such other and further relief as this Court deems just and proper.

Dated: September 23, 2025

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C**

s/John M. Hickey
John M. Hickey, OBA #11100
Tyler A. Stephens, OBA #35241
521 E. Second St., Unit 1200
Tulsa, OK  74120
Telephone:   (918) 594-0400
Facsimile:   (918) 594-0505
Email:       jhickey@hallestill.com
Email:       tstephens@hallestill.com

**ATTORNEYS FOR PLAINTIFF**