## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

EIGHT ONE EIGHT, LLC, dba Fassler Hall,    )
)
)
     Plaintiff,    )
)
v.    )     Case No. 25-cv-00510-CVE-SH
)
KELLIE GILMORE,    )
)
     Defendant.    )

### OPINION AND ORDER

Before the Court is Defendant's motion for a protective order, seeking to quash her deposition due to her pending motion to dismiss. Defendant also seeks to quash the deposition, because it imposes an undue burden based on the short notice, her pending motion to dismiss, the travel disruption caused by the federal government shutdown that ended nine days ago, and the requirement that she travel two hours from her home on the Monday before Thanksgiving. Defendant also seeks to continue the deposition until after the Court rules on the motion to quash. Finally, Defendant seeks an expedited ruling, because she filed this motion half-a-business-day before the scheduled deposition. The Court grants expedited ruling and denies the remaining motions.

### Background

Plaintiff Eight One Eight LLC dba Fassler Hall ("Fassler Hall") initiated this lawsuit against Defendant Kellie Gilmore ("Gilmore") on September 23, 2025. (Dkt. No. 1.) Fassler Hall currently asserts claims of defamation and tortious interference against Gilmore. (Dkt. No. 27.) Gilmore appeared in this case on October 20, 2025, and has since moved to dismiss the claims against her under the Oklahoma Citizens

Participation Act (the "OCPA"), Okla. Stat. tit. 12, § 1430–1440. (Dkt. Nos. 18, 29.) The parties refer to this motion as the anti-SLAPP motion. (E.g., Dkt. No. 30-2 at 1.[1])

On November 11, 2025, counsel for Fassler Hall attempted to arrange a deposition of Gilmore by agreement either in Tulsa, Oklahoma, or San Jose, California, on November 21 or 24. (Dkt. No. 30-2 at 2.) Gilmore's counsel refused to agree to a deposition while her (planned) anti-SLAPP motion was pending. (*Id.* at 1.) On November 12, 2025, Fassler Hall noticed the deposition of Gilmore for November 24, in San Jose, California. (Dkt. No. 30-1.) On November 19, counsel for Fassler Hall contacted Gilmore's counsel about whether she would be appearing at the November 24th deposition. (Dkt. No. 31-2 at 4.) Gilmore reiterated her intention to file the anti-SLAPP motion and stated she would file the motions currently at issue. (*Id.* at 3.) Fassler Hall refused to agree to any motion to continue the deposition until after a ruling on the motion to dismiss. (*Id.* at 1.)

Gilmore filed the anti-SLAPP motion on Thursday, November 20th. (Dkt. No. 29.) She did not seek any relief relating to her Monday deposition at that time.

At midday today—Friday, November 21st—Gilmore filed the motions currently before the undersigned. In her first motion, Gilmore seeks a protective order quashing the notice of deposition on the grounds that discovery in this action is stayed pursuant to the OCPA. (Dkt. No. 30 at 2–3.) Other than the OCPA, Gilmore cites only one other authority, a state court decision from Texas. (*Id.* at 3 (citing *In re Elliott*, 504 S.W.3d 455, 457 (Tex. App. 2016)).) Gilmore also argues that the deposition imposes an undue burden "because (1) the deposition was set on short notice, (2) during the pendency of a dispositive Anti-SLAPP motion, (3) during a period when air travel was materially

---

[1] Page numbers refer to those in the ECF header.

disrupted by the federal government shutdown, and (4) on the Monday of Thanksgiving week at a location requiring approximately two (2) hours of travel from Gilmore's residence." (*Id*. at 4.)  For relief, Gilmore does not seek movement of the deposition to a more convenient location; she seeks the cancellation of the deposition entirely.  (*Id*. at 6.)

In her second motion, Gilmore asks to continue the deposition—set to begin the morning of the next business day—pending resolution of her motion for protective order. (Dkt. No. 31.)  Gilmore also seeks expedited ruling on her motion.  (*Id*. at 2.)  Gilmore does not explain why she waited nine days to file this motion, when the disputed issues were clear to the parties from the start.

The Court grants the requested expedited consideration and denies the remainder of the motions.

## Analysis

## I. Gilmore Has Failed to Comply with the Local Rules on Discovery Conferences

Pursuant to the local rules, this Court "will not hear any motions or objections relating to discovery," including under Rule 26, unless the movant certifies that counsel have personally met and conferred in good faith and, after a sincere attempt to resolve their differences, have been unable to reach an accord.  LCvR 37-1.  The conference may be by telephone if the distance between counsel's offices renders a personal conference infeasible.  *Id*.  The offices of counsel in this case appear to be 0.5 miles apart.  Gilmore has failed to comply with this rule, and the Court may deny her motions on this ground alone.

II.     **Gilmore Has Failed to Meet Her Burden of Showing a Protective Order is Appropriate**

In any event, Gilmore has failed to meet her burden of showing that a protective order is appropriate here.  As the party seeking the protective order, Gilmore bears the burden of providing "a particular and specific demonstration of fact" supporting such an order.  *See, e.g.,* 8A Wright & Miller's Federal Practice & Procedure § 2035 & nn. 38–39 (3d ed. 2025) (collecting cases); *see also Miller v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-06-1008-D, 2008 WL 11338079, at *4 (W.D. Okla. Mar. 7, 2008) ("The party moving to quash a deposition notice or seeking a protective order bears the burden to show good cause for it.").  Gilmore has failed to meet this burden.

A.      **The Pending Anti-SLAPP Motion**

As for the pendency of her motion to dismiss, Gilmore merely cites the state OCPA statute and a Texas state court case applying the Texas Citizens Participation Act ("TCPA"), Texas Civ. Prac. & Rem. Code §§ 27.001–27.011.

"The OCPA is one of a number of state laws throughout the country that are designed to reduce the frequency of what are called SLAPP lawsuits."  *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1233 (10th Cir. 2020) ("SLAPP is an acronym for 'Strategic Lawsuit Against Public Participation'").  "Under the OCPA, if a defendant shows that the plaintiff's claim relates to the defendant's exercise of the right to free speech, to petition, or of association, then the plaintiff must show by 'clear and specific evidence a prima facie case for each essential element' of the claim."  *Id.* at 1233–34 (quoting Okla. Stat. tit. 12, § 1434(C)).  Pursuant to the state law, on the filing of a motion to dismiss—except as provided elsewhere in the Act—"all discovery . . . shall be

suspended until the court has ruled on the motion to dismiss." Okla. Stat. tit. 12, § 1432(C). Gilmore asserts such a stay of discovery applies here.

Yet, strangely, Gilmore's motion is utterly devoid of briefing on the state statute's applicability in federal court. Generally, when exercising diversity or supplemental jurisdiction, courts apply state substantive law and federal procedural law. *See, e.g.*, *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017). Due to their pseudo-procedural nature, courts must determine whether, under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), anti-SLAPP statutes apply to federal proceedings. This question has not been answered by the Tenth Circuit in the context of the OCPA. *See KLX Energy Servs., LLC v. Magnesium Mach., LLC*, 521 F. Supp. 3d 1124, 1130 (W.D. Okla. 2021). "When faced with a choice between a state law and an allegedly conflicting federal rule, we follow the framework described by the Supreme Court in *Shady Grove*, as laid out by Justice Stevens in his concurring opinion." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)). Defendant's motion declines to address these fundamental issues.

Beyond referencing the statute itself, Defendant cites a single Texas state case from 2016. (Dkt. No. 30 at 3.) Unmentioned by Defendant is the fact that the Fifth Circuit has since determined "the TCPA does not apply to diversity cases in federal court . . . ." *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019). Moreover, the Tenth Circuit has—without resolving the matter—expressed skepticism regarding the applicability of the OCPA in federal court. *See Barnett*, 956 F.3d at 1237 (noting it was "not so sure" that a motion to dismiss under the OCPA would not interfere with operation of Federal Rules 8, 12, or 56, and finding persuasive the reasoning of *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328

(D.C. Cir. 2015), which itself found that the D.C. anti-SLAPP statute "could not apply in federal district court").

Even cases that have found such anti-SLAPP statutes to be applicable have often either declined to apply the automatic stay on discovery, or held the issue open. *See, e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (indicating provision of anti-SLAPP statute that provided for automatic stay of discovery would "directly collide" with Rule 56 in *Erie* analysis); *Caranchini v. Peck*, 355 F. Supp. 3d 1052, 1061 (D. Kan. 2018) (noting that "it is not convinced that . . . the mandatory discovery stay provisions of the Act are applicable in federal diversity actions, as those provisions are strictly procedural in nature and do not affect the outcome of the case (citing *Metabolife*)); *Moreau v. U.S. Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122, 1130–31 (D. Colo. 2022) (noting that the Ninth Circuit and other California federal cases, while applying anti-SLAPP statutes in federal court, "have held that this provision in California's anti-SLAPP statute *would* conflict with the Federal Rules of Civil Procedure, and for this reason have declined to enforce this provision as a categorical and immediate discovery stay when adjudicating anti-SLAPP motions in federal court"); *United Cap. Mgmt. of Kan., Inc. v. Nelson*, No. 22-4008-JWB, 2023 WL 2242155, at *2 (D. Kan. Feb. 27, 2023) (applying substantive, but not procedural, provisions of Kansas' anti-SLAPP statutes); *Watson v. Mulcahy*, No. 24-CV-02606-GPG-NRN, 2025 WL 2099991, at *3 (D. Colo. Jan. 31, 2025) (same, regarding Colorado law); *Timmins v. Henderson*, No. 1:22-CV-00754-CNS-NRN, 2023 WL 2466020, at *3 (D. Colo. Mar. 10, 2023) ("When an anti-SLAPP motion challenges the factual sufficiency of a claim, discovery must be allowed" (internal quotations omitted)).

Gilmore has failed to address these authorities or otherwise to explain why, under federal law, her deposition should be quashed due to the pendency of a motion to dismiss under the OCPA.  The Court will not wade into these issues on an expedited basis when Gilmore has utterly failed to support her motion with any applicable legal argument.

**B.    Undue Burden**

Gilmore has further failed to meet her burden of providing a particular and specific demonstration of fact showing the deposition will impose an undue burden on her. Gilmore complains of the short notice, but does not explain why 12 days' notice is deficient.  Pursuant to the local rules, reasonable notice is generally presumed to be seven days.  *See* LCvR 30-1(a)(2).  The government shutdown is a complete nonstarter.  Not only did the shutdown end almost contemporaneously with the deposition notice, but Gilmore has provided no facts showing the shutdown had any impact on her counsel's ability to book a flight to a major metropolitan area.

That leaves the date of the deposition and its location.  While the Monday before Thanksgiving may not be the most convenient day of the year, it is still a working day, and Gilmore has provided no facts showing she or her counsel have a conflict that day; this appears just to reflect a preference not to work and/or travel in the week before Thanksgiving.  As for the location of the deposition, Gilmore provides no details about her location as compared to San Jose, other than to note that it requires "approximately two hours of travel" from her residence.  The Court, however, notes that Fassler Hall has alleged that Gilmore resides in Turlock, California.  (Dkt. No. 8 at 1.)  This appears to comport with Gilmore's travel assertion, and the Court agrees that travel to San Jose would appear to impose some inconvenience on Gilmore—particularly given that Modesto, California, which is still a fair-sized city, is much closer.  Had a timely motion

been made simply to move the deposition, the undersigned might consider it. But, instead, Gilmore seeks the complete cancellation of the deposition. This is not warranted on the thin information she has provided.

## III.     The Motion to Continue the Deposition is Moot

As the Court has expeditiously considered (and denied) the motion for protective order, the motion to continue the deposition pending such consideration is now moot.

IT IS THEREFORE ORDERED that *Defendant's Combined Motion to Quash Notice of Deposition to Kellie Gilmore and Motion for Protective Order* (Dkt. No. 30) is DENIED; and *Defendant's Motion to Continue Deposition of Kellie Gilmore and Motion for Expedited Ruling* (Dkt. No. 31) is GRANTED IN PART and DENIED IN PART. The Court has granted the request for expedited ruling, as noted above. The request for a continuance pending the motion is denied as moot.

ORDERED this 21st day of November, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT