|  |  |
|---|---|
| (1) EIGHT ONE EIGHT, LLC, dba FASSLER HALL, an Oklahoma limited liability company, | Civil Action No. 25-cv-00510-CVE-SH |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. |  |
| (1) KELLIE GILMORE, an individual, |  |
| Defendant. |  |

## PLAINTIFF'S FIRST MOTION TO COMPEL

Plaintiffs, Eight One Eight, LLC, dba Fassler Hall, an Oklahoma limited liability company ("Fassler Hall"), by and through its undersigned counsel of record, respectfully requests this Court for an order compelling Defendant Kellie Gilmore ("Gilmore") to produce communications between Gilmore and the pivotal witness in this matter, Sarah Jacobs, in their entirety without modification or redaction. In support of their Motion, Plaintiffs state and allege as follows:

## OVERVIEW

This litigation stems from a false and defamatory TikTok video posted by Gilmore on August 9, 2025, wherein she made numerous defamatory statements about Fassler Hall regarding an incident that occurred in the early hours of August 9, 2025, for which Gilmore was not event present (the "Defamatory Post"). In the Defamatory Post, Gilmore presented a materially false account by claiming that Fassler Hall security "drug" her friend, Sarah Jacobs—an alleged victim of sexual assault—"out [of Fassler Hall] by her throat." Gilmore also alleged that Fassler Hall condones, promotes or simply does not care about sexual assault occurring on its premises.

The discovery request at issue is Fassler Hall's Request for Production No. 4 ("RFP No. 4"), which requested Gilmore to "[p]roduce all communications between you and Sarah Jacobs from August 1, 2025, to the present." (See Plaintiff's First Set of Discovery Requests ("Requests") at 2, attached as "**Exhibit 1**".) Gilmore produced Facebook Messenger communications between Gilmore and Sarah Jacobs ("Jacobs") from August 9, 2025 to August 12, 2025, contending that messages beyond August 12 were irrelevant, and numerous messages were partially or fully redacted. (See Gilmore's Responses and Objections to the Requests ("Responses") at 33, attached as "**Exhibit 2**"; Messages, attached as "**Exhibit 3**".) Gilmore did not provide a privilege log explaining the redactions. Fassler Hall's counsel and Gilmore's counsel have resolved time period issue, and Gilmore agreed to produce messages through February 5, 2026.

The remaining issue is Gilmore's unilateral redactions to those messages between her and Jacobs from August 9, 2025 to August 12, 2025, and whether Gilmore can unilaterally redact the forthcoming production of messages through February 5, 2026 in response to RFP No. 4.

**FACTUAL BACKGROUND**

1. In her Defamatory Post, Gilmore asserted that her friend, identified as Jacobs, was drug out of Fassler Hall by her throat. (See Transcription of Defamatory Post, attached as "**Exhibit 4**".)

2. In her Motion to Dismiss, Gilmore admitted that she relied upon Jacobs's account of the August 9, 2025 incident when creating the Defamatory Post. (See Dkt. No. 29 at page 21 of 25.)

3. Gilmore testified at her deposition on December 18, 2025, she and Jacobs "communicate mostly through Facebook Messenger," although they sometimes send text messages. (See Gilmore Deposition Transcript at 59:18-60:1, attached as "**Exhibit 5**".)

4. Jacobs testified at her deposition on January 12, 2026, that she has discussed this lawsuit with Gilmore a "handful" of times, including the day of her deposition. (See Jacobs Deposition Transcript at 14:11-15:17, attached as "**Exhibit 6**".)

5. On February 26, 2026, Fassler Hall issued its Requests. (See Exhibit 1.)

6. RFP No. 4 states: "Produce all communications between you and Sarah Jacobs from August 1, 2025, to the present." (Exhibit 1 at 9.)

7. On March 26, 2026, Gilmore submitted her Responses, wherein raised objections such as relevancy, including that RFP No. 4 requested communications outside of the "Relevant Time Period"—unilaterally set by Gilmore as August 9-12, 2025—and that it was not proportional to the needs of the case. (See Exhibit 2 at 32-33.)

8. Gilmore produced Facebook Messenger messages between Gilmore and Jacobs between August 9, 2025 and August 12, 2025, although a number of messages are partially or fully redacted. (See Exhibit 3 at GILMORE 0062, 0065-66, 0078, 0092-93, 0096.)

9. Gilmore did not produce a privilege log for the redacted messages.

10. Gilmore agreed to produce communications between Gilmore and Jacobs through February 5, 2026, but the issue of redactions remains.

## **CERTIFICATION OF MEET AND CONFER**

Fassler Hall's counsel and Gilmore's counsel engaged in numerous correspondence, including letters, emails, and a phone call, regarding the Requests and asserted deficiencies. Fassler Hall's counsel personally met and conferred in good faith with Gilmore's counsel regarding the remaining redaction issue on May 1, 2026, as required by Local Civil Rule 37-1. After a sincere attempt to resolve differences, the parties have been unable to reach an accord.

<u>**ARGUMENT AND AUTHORITY**</u>

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." <u>See</u> FED. R. CIV. P. 26(b)(1). Courts have also noted there is ordinarily a "presumption in favor of broad disclosure." <u>Caves v. Beechcraft Corp.</u>, No. 15-CV-125-CVE-PJC, 2016 WL 355491 at *1 (N.D. Okla. Jan. 29, 2016). "[A] request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim . . . ." <u>In re Capuccio</u>, 558 B.R. 930 (2016) (quoting <u>Transcor, Inc. v. Furney Charters, Inc.</u>, 212 F.R.D. 558, 591 (D. Kan. 2003).

"When the discovery sought appears relevant on its face, or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections to production." <u>Performance Proppants, LLC v. Chesapeake Operating, LLC</u>, No. CIV-24-1051-J, 2025 WL 2946402 at *1 (quoting <u>Gomez v. Epic Landscape Prods., L.C.</u>, No. 22-2198-JAR-ADM, 2024 WL 1885507, at *3 (D. Kan. Apr. 30, 2024). Significantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

**I.     RFP No. 4 is relevant to Fassler Hall's claims and relief sought.**

RFP No. 4 is relevant to Fassler Hall's slander claim, tortious interference claims, and its request for punitive damages. In a slander claim, a private figure must show fault on the defendant amounting to at least negligence, whereas a public figure plaintiff must show actual malice. <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); <u>Nelson v. Am. Hometown Publ'g</u>, 333 P.3d 962, 969 (Okla. Civ. App. 2014). Tortious interference claims and punitive damages also require malice. <u>See</u> <u>Nelson</u>, 333 P.3d at 975; <u>Wilspec Techs., Inc. v.</u>

4

DunAn Holding Grp., Co., 204 P.3d 69, 74 (Okla. 2009); Loven v. Church Mut. Ins. Co., 452 P.3d 418, 425-26 (Okla. 2019).

Courts repeatedly find that a defamation defendant's post-publication conduct is relevant toward actual malice. See Herbert v. Lando, 441 U.S. 153, 164 n.12 (1979) (stating that the "existence of actual malice may be shown in many ways," including by circumstantial evidence of "subsequent statements of the defendant") (quoting Am. Jur. 2d, Libel and Slander § 260 (1955)); Boismier v. Walters, 777 F.Supp.3d 1300, 1317 (W.D. Okla. 2025) (noting that a defendant's readiness to issue a retraction or clarification weighs against malice) (collecting cases); Coomer v. Byrne, No. 8:24-cv-8-TPB-SPF, 2025 WL 1222527 at *3 (allowing discovery of documents post-publication) (collecting cases). Therefore, RFP No. 4 is relevant to Fassler Hall's elements in establishing its claims against Gilmore.

RFP No. 4 is further relevant because it is possible that Gilmore expresses doubts as to the Defamatory Post, admits falsity of statements, or expresses malice toward Fassler Hall. In addition, it is possible that Jacobs might express doubt or admit the falsity of the story Gilmore presented in the Defamatory Post. Indeed, based on the messages produced, there were already expressions of doubt shortly after Gilmore published the Defamatory Post. See e.g., Exhibit 3 at GILMORE 0067 ("'What if I hit the wrong dude' lol"), GILMORE 0082 ("don't admit to anything"), GILMORE 0087-88 ("I think he [had] my hand up like this and" "And that's why I felt like it was my throat because he was leading me out"). Finally, RFP No. 4 is relevant because it seeks "information that could be used to impeach a likely witness." See FED. R. CIV. P. 26 advisory committee's note on 2015 amendments.

Fassler Hall has shown at length that RFP No. 4 is relevant to its claims. Therefore, Gilmore bears the burden of supporting her objection to producing unredacted communications between

Gilmore and Jacobs.

## II. The Court should prohibit Gilmore from redacting communications that are responsive to RFP No. 4.

Gilmore contends that she can redact messages that she unilaterally determines are not relevant. Federal courts repeatedly reject the position taken by Gilmore. See Century Martial Art Supply, L.L.C. v. Dynamics World, Inc., No. CIV-17-1194-D, 2019 WL 191655, at *2 (W.D. Okla. Jan. 14, 2019) ("Defendant's self-help behavior is untenable."); U.S. Aviation Underwriters, Inc. v. Aerospike Iron, LLC, No. 21-CV-758-GPC-BLM, 2023 WL 2414265 at *2 (S.D. Cal. Mar. 8. 2023) ("[T]here is no legal basis to redact documents for relevancy concerns.") (collecting cases); Roberson v. Health Career Institute LLC, 2024 WL 5690564 at *1 (S.D. Fla. 2024) ("[P]arties cannot redact portions of otherwise discoverable documents based on unilateral determinations of relevance."). Even the Eastern District of Oklahoma found:

> [T]he better approach is "(1) that redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be burdened with an in camera inspection of redacted information merely to confirm the relevance or irrelevance of the redacted information, but only when necessary to protect privileged material whose production might waive the privilege."

*Sagacity, Inc. v. BCE-Mach III LLC*, No. 23-CV-0039-JFH-GLJ, 2024 WL 3799311, at *2 (E.D. Okla. Aug. 12, 2024) (citation omitted).

RFP No. 4 requests **all** communications between Gilmore and Jacobs—the pivotal witness in this matter—between August 1, 2025, through the present, although Fassler Hall has now agreed to limit the production through February 5, 2026. A responsive production to RFP No. 4 should not include redacted communications. The redactions and the lack of a privilege log force Fassler Hall to question whether the redacted messages are about the Defamatory Post, Fassler Hall, the

August 9, 2025 incident, and/or this lawsuit.  Similarly, this Court should not have to be burdened by conducting an in-camera review of the communications.  See Sagacity, 2024 WL at *2.

**CONCLUSION**

Plaintiff respectfully submits that all communications between Gilmore and Jacobs between August 1, 2025, through February 5, 2026, are relevant and discoverable, and asks the Court to grant this Motion to Compel, directing Gilmore to produce such communications without redactions.

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

s/*John M. Hickey*

John M. Hickey, OBA No. 11100
Tyler A. Stephens, OBA No. 35241
Hall, Estill, Hardwick, Gable, Golden &
Nelson, PC
521 E 2nd Street, Suite 1200
Tulsa, OK 74120
(918) 594-0400 (phone)
(918) 594-0505 (fax)
jhickey@hallestill.com
tstephens@hallestill.com

and

**LATHAM, KEELE, LEHMAN, RATCLIFF, CARTER & CLARKE, PC**
Margaret M. Clarke, OBA No. 16952
1515 E. 71st Street, Suite 200
Tulsa, OK 74136
(918) 970-2000 (phone)
(918) 970-20002 (fax)
mclarke@law-lkl.com

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 1, 2026, I electronically transmitted the attached document, to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF Registrants:

Barry G. Reynolds
J Schaad Titus
Ashley F. Vinson
Taylor Kathyrn Pepperworth
Titus Hillis Reynolds Love
15 East Fifth Street, Suite 3700
Tulsa, OK 74103
reynolds@titushillis.com
stitus@titushillis.com
avinson@titushillis.com
tpepperworth@titushillis.com
*Attorneys for Defendant*

s/*John M. Hickey*